IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE L GUTIERREZ, et al.

    Plaintiffs,

      v.

PEDRO TOLEDO, et al.

    Defendants.

Civil No. 09-1867 (SEC)

**OPINION AND ORDER**

Before the Court are plaintiffs Jose L Gutierrez, Gabriel Roman, and Rafael Roman's (collectively, "Plaintiffs") motion for reconsideration (Docket # 70), defendants' ("Defendants") opposition thereto (Docket # 71), and Plaintiffs' reply (Docket # 74). After carefully considering the filings and the applicable law, Plaintiffs' motion is **DENIED**.

**Procedural Background**

On August 30, 2009, Plaintiffs filed this federal question suit against Defendants, seeking relief for the damages they suffered as a result of an alleged illegal search, seizure, false arrest, and deprivation of their liberty by members of the Puerto Rico Police Department. Docket # 1. A comprehensive recitation of the facts and legal issues of this case can be found in the Opinion and Order of May 2, 2011. Docket # 62; Gutierrez v. Toledo, 780 F. Supp. 2d 171 (D.P.R. 2011). Suffice it to say that there, this court granted Defendants' summary judgment motion finding, among other things, that Plaintiffs had failed to demonstrate genuine issues of material fact that precluded summary judgment. Id.

In their motion for reconsideration, Plaintiffs allege that the Court held opposing parties to materially different standards in the application and enforcement of Local Rule 56, the so called anti-ferret rule. Docket # 70, p. 9. Defendants timely opposed. Dockets # 71. For the reasons set forth below, the Court rejects Plaintiffs' contentions.

**Civil No. 09-1867 (SEC)**                                                                 **Page 2**

**Standard of Review**

Rule 59(e) allows a party, within 28 days of the entry of judgment, to file a motion seeking to alter or amend it. The rule itself does not specify on what grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant such a motion. Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004) (citations omitted). In exercising that discretion, courts must balance the need for giving finality to judgments with the need to render a just decision. Id. (citing Edward H. Bolin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993)).

Despite the lack of specific guidance by the rule on that point, the First Circuit has stated that a Rule 59(e) motion "must either clearly establish a manifest error of law or must present newly discovered evidence." F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). Rule 59(e) may not, however, be used to raise arguments that could and should have been presented before judgment was entered, nor to advance new legal theories. Bogosonian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003).

**Applicable Law and Analysis**

In the Opinion and Order of May 2, 2011, the Court noted that many of plaintiffs' statement of facts ran afoul of D.P.R. Civ. R. 56. In so doing, the Court stated:

> Defendants complied with Rule 56, and submitted a Statement of Uncontested Facts (hereinafter "SUF"), numbered, and supported by record citations. In opposition, Plaintiffs filed a motion opposing summary judgment and submitted their opposing statement of facts ("OSF"). Dockets ## 47 & 48. They further filed a statement of additional facts ("ASUF"). Dockets ## 46 & 48. Upon reviewing the record, however, this Court notes that Plaintiffs failed to provide specific record citations when denying Defendants' statements. See OSF ¶¶ 2, 3, 29 and 34. Specifically, Exhibit 2, cited in support of said assertions of fact, contains 18 pages of deposition testimony. Notwithstanding, Plaintiffs do not provide a page number, let alone the line numbers that support each opposition.

Docket # 52, p. 4. As a result, such facts were disregarded upon ruling on Defendants' request for summary judgment.

It goes without saying that when filing for summary judgment, both parties must comply with the requirements of Local Rule 56, and file a statement of facts, set forth in numbered paragraphs and supported by record citations. See D.P.R. Civ. R. 56(b). In turn, when confronted with a motion for summary judgment, the opposing party must submit a separate statement of material facts. Any denials must be refer directly to each numbered paragraph of the moving party's statement of facts. "The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation." D.P.R. Civ. R. 56(c)

A party opposing a motion for summary judgment must support each denial or qualification by a record citation as required by D.P.R. Civ. R. 56(e), which provides that "[a]n assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion." A "court may disregard any statement of material fact not supported by a specific record citation to record material properly considered on summary judgment." Id. The First Circuit has consistently upheld such determinations, holding that when a party does not act in compliance with Local Rule 56, "a district court is free, in the exercise of its sound discretion, to accept the moving party's facts as stated." Caban Hernandez v. Phillip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007) (citing Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 45 (1st Cir. 2004)).

In this case, Plaintiffs do not refute that they, in fact, failed to comply with this District's anti-ferret rule. Docket # 70, p. 10. They posit instead that Defendants also failed to comply with this rule. Plaintiffs' *tu quoque* argument does not carry the day. Indeed, they point to *one instance* (SUF ¶ 2), where Defendants mentioned "Exhibit A" but failed to include the requisite

**Civil No. 09-1867 (SEC)**                        **Page 4**

record citations. Docket # 70, p. 7. Exhibit A, however, is a succinct, two and a half page affidavit and the information referenced on SUF ¶ 2 appears on the first paragraph of the affidavit. Contrary to Plaintiffs' failure to include citations to a document that included 18 pages of deposition, among many other instances of noncompliance, the affidavit in question, by its condensed nature, did not force this court to ferret through the record. Cf. Colon-Fontanez v. Municipality of San Juan, 660 F.3d 17, 28 (1st Cir. 2011) ("The purpose of this rule 'is to relieve the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute.'") (citing CMI Capital Mkt. Inv., LLC v. Gonzalez–Toro, 520 F.3d 58, 62 (1st Cir. 2008))). In this sense, the Court, in the exercise of its discretion, considered the affidavit. See e.g., Puerto Rico American Ins. Co. v. Rivera–Vazquez, 603 F.3d 125, 133 (1st Cir. 2010) (noting that district courts have "[b]road discretion in the administration and enforcement of its own local rules") (citing United States v. Diaz-Villafane, 874 F.2d 43, 46 (1st Cir. 1989)).

      Moreover, although Plaintiffs should have brought this matter to the Court's attention in its various oppositions, they failed to do so. The law in this Circuit is unequivocal:"When a party makes an argument for the first time in a motion for reconsideration, the argument is not preserved for appeal." Dillon v. Select Portfolio Servicing, 630 F.3d 75, 80 (1st Cir. 2011); National Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990) (stating that reconsideration motions may not be used by "the losing party to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised").[1] In light of the foregoing reasons, Plaintiffs' contention on this front misses the mark.

---

[1] In contrast, Defendants did protest Plaintiffs' repeated non-compliance with the anti-ferret rule. See Docket # 58.

**Civil No. 09-1867 (SEC)**                                                                                    Page 5

As a last ditch attempt, Plaintiffs argue that "[f]rom a reading of Defendants' Objections to Plaintiffs ASUF, this Court should notice that Defendants did not comply with Local Rule 56(d)." Docket # 70, p. 10. But plaintiffs fail to list such instances of noncompliance, ironically forcing this court to rummage through the record at this juncture. In fact, they posit that "*[n]one* of Defendants' objections [were] made with record citation with page and lines numbered." Id. (emphasis added). A perfunctory review of Defendants' opposition to the ASUF (Docket # 58), however, belies Plaintiffs' exaggerated contention.

True, there are instances where Defendants provided no record citations. But those "unsupported" statements are precisely the ones that Plaintiffs failed to properly substantiate in the first place. As the Court noted, "some of Plaintiffs' citations in support of their ASUF lacked specific record citations (¶¶ 8, 18), and others do not support the proposed averment of fact (¶¶ 3, 5, 7, 11, 13, 14, 16 & 17). Docket # 50, p. 5. Plaintiffs pointed to pages that simply did not exist or were otherwise erroneous; Defendants could not have opposed an otherwise unsubstantiated statement of fact. See e.g., Docket # 58, ¶ 4 ("Plaintiffs' Exhibit No. 2 does not contain a page no. 14."); ¶¶ 9-10 ("Plaintiffs' Exhibit No. 5 is not Gabriel Roman's Deposition, much less does the record citation shed any light that all defendants detained, searched, and arrested Plaintiffs and confiscated their vehicle."); ¶ 11 ("Plaintiffs' Exhibit No. 1 does not contain a page no. 88."). The Court need go no further, as Plaintiffs' pervasive noncompliance with the anti-ferret rule evidently impeded Defendants from cross-referencing its responses.

In any event, even accepting Plaintiffs' proffer that the police complaint was about a suspicious motor vehicle—as opposed to a robbery—such scenario, without more, falls short of upsetting the Court's conclusion that Defendants did not violate Plaintiffs' constitutional and civil rights. The facts that Plaintiffs, for a second time, urge this court to consider are simply insufficient to comply with the requisite elements of a § 1983 cause of action: namely, that the

actionable conduct must be intentional, grossly negligent, or with reckless or callous indifference to established constitutional rights. E.g., Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 562 (1st Cir. 1989); Simmons v. Dickhaut, 804 F.2d 182, 185 (1st Cir. 1986). Such is not the case here, as the record contains no evidence "sufficiently open-ended to permit a rational fact finder to resolve" this issue in favor of Plaintiffs. Dennis v. Osram Sylvania, Inc., 549 F.3d 851, 856 (1st Cir. 2008) (citation omitted). In sum, because Plaintiffs have failed to come forward with "[s]pecific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) (citation omitted), the Court's conclusions stand.[2]

**Conclusion**

For the reasons stated, Plaintiffs' motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of February, 2012.

                                     *S/ Salvador E. Casellas*
                                       SALVADOR E. CASELLAS
                                       U.S. Senior District Judge

---

[2] Specifically, the Court concluded and hereby reiterates that Defendants' conduct in this case was far from grossly negligent, or amounting to a reckless or callous indifference to Plaintiffs' constitutional rights, as required for a Section 1983 claim to prosper. The Court observed, moreover, that Defendants reasonably understood that there was probable cause to arrest Plaintiffs. And that Plaintiffs admitted that Defendants never used force during the intervention or when they were placed in the cell. Additionally, Plaintiffs were released shortly thereafter and were at no time physically or verbally mistreated. Docket # 62, p. 13.